### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TP-LINK SYSTEMS INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 25-1396-MN |
| | ) | |
| v. | ) | |
| | ) | |
| NETGEAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NETGEAR INC.'S UNOPPOSED MOTION AND [PROPOSED] ORDER TO EXPAND PAGE LIMITS FOR THE OPENING AND ANSWERING BRIEFS TO DEFENDANT'S MOTION TO DISMISS**

Defendant Netgear, Inc. ("Defendant" or "Netgear"), hereby moves this Court for entry of the attached proposed order extending the page limit to 28 pages for the opening and answering briefs to its forthcoming Motion to Dismiss Plaintiff's Complaint and to Strike Counts III-IV ("Motion to Dismiss"). In support of its motion, Defendant states as follows:

1. On November 17, 2025, Plaintiff TP-Link Systems, Inc. ("Plaintiff") filed a Complaint against Defendant alleging causes of action for commercial disparagement under the Lanham Act, breach of contract, defamation and unjust enrichment (D.I. 1).

2. Defendant intends to file a Motion to Dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and to strike Counts III and IV under California's Anti-SLAPP Act.

3. Under D. Del. LR 7.1.3(a)(4), opening and answering briefs are not to exceed 20 pages absent Court order. In its Motion, however, Defendant will need to address each allegedly disparaging and/or defamatory statement and the reasons they are not sufficiently plead as commercial disparagement and/or defamation, as well as address the breach of contract and unjust

enrichment claims. Defendant also intends to brief its motion to strike Counts III and IV of the Complaint along with the arguments on its Motion to Dismiss in one brief and will need space in order to make those additional arguments. Given the breadth of issues that must be addressed in the brief, Defendant respectfully submits that an additional eight pages will allow Defendant to more completely address all the bases for its motion and to more clearly state the bases to the Court and that there is good cause for this extension of the page limit.

4. Pursuant to D. Del. LR 7.1.1, Defendant conferred with counsel for Plaintiff, who does not oppose Defendant's request and asked that Plaintiff receive a reciprocal page extension to address the same issues in its answering brief, which Defendant does not oppose.

WHEREFORE, Defendant respectfully requests that the Court enter an Order, in the form attached hereto, granting the Parties leave to file opening and answering briefs in support of the forthcoming Motion to Dismiss, not to exceed 28 pages in length.

/s/ Katharine L. Mowery
Katharine L. Mowery (#5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
mowery@rlf.com

*Attorney for Defendant Netgear, Inc.*

Dated: December 2, 2025